TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00146-CR






Carla Deann Rolla, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. CR-02-052, HONORABLE GARY L. STEEL, JUDGE PRESIDING




S U P P L E M E N T A L M E M O R A N D U M O P I N I O N



 The dissent has worked hard to make things appear what they are not. Because the
dissent does not acknowledge the facts, I write separately for the record.

 The facts are these:



 This Court did not receive a trial court certification of the appellant's right to
appeal;

 The clerk of this Court notified the district court clerk and requested a
supplemental record containing the certification;

 In response, the district court clerk submitted a notarized "appeal status
notice" stating that the record did not contain a certification and that she was
unable to comply with this Court's request because the district judge had
instructed her that it was not required in that category of cases; (1)

 As a presubmission matter typically handled between clerks, by
memorandum opinion we directed the district court to file a supplemental
record including a certification. (2)



 The dissent, however, misstates the facts and ignores the rules of appellate procedure
and this Court's longstanding practice in handling presubmission matters in criminal cases in an
apparent effort to conceal the improper communications between the district judge and justices
on this Court.

 By appellate rules and this Court's longstanding practice, lack of an appeal
certification is a presubmission matter that may be handled by a single justice or panel. Contrary to
the dissent's suggestion, there was not a "continuing disregard," much less a "contravention of and
refusal to comply with the rules of appellate procedure and this Court's policies regarding the
issuance of opinions." Under the facts of this case, there was no procedural irregularity.

 The dissent further states that his request to withdraw the original opinion was
refused. This statement is false. In an effort to resolve this dispute, the majority offered to withdraw
the original opinion. It was the dissent who rejected this offer.

 It is ironic that on the eve of the release of these opinions, the dissent substantially
revised and doubled the length of his opinion, selectively and unnecessarily quoting internal
communications among justices of this Court, and then failed to circulate the revised draft to
the panel.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Filed: November 14, 2008

Do Not Publish
1. A copy of the district clerk's notarized letter is included in the record on appeal and was
quoted in the memorandum opinion.
2. The opinion provides in full:


 Carla Deann Rolla appeals an order revoking community supervision. The
record does not contain the trial court's certification of the right of appeal. See Tex.
R. App. P. 25.2(a)(2). The district clerk has notified this Court that the trial court
refuses to prepare a certification because "the certification is not required in
[revocation] cases."

 Rule 25.2(a)(2) states: "The trial court shall enter a certification of the
defendant's right of appeal each time it enters a judgment of guilt or other
appealable order." (Emphasis added.) An order revoking community supervision
is an appealable order.

 The appeal is abated. The trial court is ordered to prepare and file the
certification of Rolla's right of appeal as required by rule 25.2(a)(2). A supplemental
clerk's record containing the court's certification shall be tendered for filing no later
than fifteen days from the date of this opinion. See Tex. R. App. P. 34.5(c)(2), 37.1.